**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| US LED, LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0783 |
| | § | |
| NU POWER ASSOCIATES, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This diversity case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") [Doc. # 36] filed by Defendant GRE North America, Inc. ("GRE"), to which Plaintiff US LED, Inc. ("US LED") filed a Response [Doc. # 38]. GRE has neither filed a reply nor requested an extension of time to do so. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that it purchased from Defendant Nu Power Associates, Inc. ("Nu Power') transformers to be used as power sources for signs. Plaintiff alleges that the transformers were shipped from GRE's factory in China to Defendant RSI Power,

Inc. ("RSI"), then shipped to US LED. Plaintiff alleges that the transformers failed to work properly because the insulating material was defective.

Plaintiff sued Nu Power, RSI, and GRE. GRE filed its Motion to Dismiss, which is now ripe for decision.

## II.   ANALYSIS

### A.   Legal Requirements for Personal Jurisdiction

Plaintiff bears the burden of establishing contacts with the forum state by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005)*; Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy its burden. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000). The Court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Central Freight Line Inc.*, 322 F.3d at 376; *Alpine View Co.*, 205 F.3d at 214.

The Texas long-arm statute "authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas," and "the Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobophm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp.2d 903, 906 (S.D. Tex. 2001).

"In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)).

For there to be minimum contacts for purposes of specific jurisdiction, the non-resident defendant "must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate

to the defendant's activities directed at the forum." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). A defendant's act of placing its product into the stream of commerce with knowledge or with reason to know that the product will be used in the forum state is enough to constitute minimum contacts. *See Ruston Gas Turbine, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980)).

Where a defendant has minimum contacts with the forum state sufficient to establish specific jurisdiction, the exercise of that jurisdiction cannot offend "traditional notions of fair play and substantial justice." *See Ruston*, 9 F.3d at 421. If the plaintiff has established the defendant's minimum contacts with the forum, however, it is the defendant who "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Gundle Lining Const. Corp. v. Adams County Asphalt*, 85 F.3d 201, 207 (5th Cir. 1996) (citing *Burger King Corp.*, 471 U.S. at 477). Such considerations may include "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Ruston*, 9 F.3d at 421.

**B.     Evidence of Record**

Plaintiff has satisfied its burden to establish GRE's minimum contacts with Texas. Plaintiff has presented evidence that GRE manufactured the transformers at issue at a facility in China. Plaintiff has also presented evidence that GRE knew or had reason to know that the transformers were to be delivered to a customer in Texas. Plaintiff's evidence shows that GRE affixed US LED's logo and telephone number to each transformer, and that the Bills of Lading identified the transformers to US LED in the "description of goods" section. Having presented evidence that GRE placed the transformers into the stream of commerce knowing or having reason to know that the goods would end up in Texas, Plaintiff has shown that GRE had minimum contacts with Texas for purposes of specific jurisdiction.

GRE has not shown that the exercise of personal jurisdiction would offend traditional notions of fair play. There is no indiction that defending this lawsuit in Texas would place an undue burden on GRE. Plaintiff has an interest in obtaining full relief from all parties in a single forum, and the judicial system has an interest in providing efficient resolution of controversies without wasting limited judicial resources. Texas has an interest in providing a forum for adjudicating alleged injury to its citizens. Consequently, GRE has failed to identify considerations that would render this Court's exercise of personal jurisdiction over it unreasonable.

Plaintiff has presented evidence that of GRE's minimum contacts with Texas and GRE has failed to show that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice." As a result, the Court has personal jurisdiction over GRE and the exercise of that jurisdiction in this lawsuit comports with the requirements of the Due Process Clause.

### III. CONCLUSION AND ORDER

Plaintiff has presented evidence that sufficiently establishes this Court's specific jurisdiction over Defendant GRE. Accordingly, it is hereby

**ORDERED** that GRE's Motion to Dismiss [Doc. # 36] is **DENIED**.

SIGNED at Houston, Texas this **22nd** day of **January, 2008.**

_____
Nancy F. Atlas
United States District Judge